UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY BINKLEY, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 4:18-CV-768 CAS |
| 3M COMPANY, et al., | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This removed matter is before the Court on Defendant Hilti, Inc.'s ("Hilti") motion for leave to file an amended notice of removal and plaintiffs Timothy Binkley and Brandi Binkley's (the "Binkleys") motion to remand. Both motions are opposed and fully briefed. For the following reasons, both motions will be granted. The Court concludes that it lacks subject matter jurisdiction, and this case must be remanded to state court.

### *I. Background*

Plaintiffs filed suit in the Circuit Court of St. Charles County, Missouri, on April 20, 2018.[1] The petition alleges state law claims of strict liability, negligence, willful and wanton misconduct, and loss of consortium. Plaintiff Timothy Binkley alleges a diagnosis of silicosis from exposure to defective products manufactured and sold by defendants during his course of employment as a coal miner and drill operator during the years 1993 through 2006.

---

[1]Plaintiffs initially filed the action in this District on April 3, 2018, but filed a Notice of Voluntary Dismissal Without Prejudice Pursuant to F.R.C.P. 41(a)(1)(A)(i) on April 6, 2018, after the Court issued an Order Concerning Jurisdiction directing them to plead jurisdictional facts as to the citizenship of defendant Mid-Western, LLC. See Binkley, et al. v. 3M Company, et al., No. 4:18-CV-499 CAS (E.D. Mo.).

The record reflects that Hilti was served via process server with a copy of the original petition and summons on April 27, 2018. Hilti subsequently removed the action to this Court on May 18, 2018, based on diversity of citizenship pursuant to 28 U.S.C. §§ 1332(a) and 1441(b), asserting that plaintiffs are citizens of Kentucky, defendant 3M Company is a citizen of Delaware and Minnesota, defendant Hilti is a citizen of Oklahoma and Texas, defendant Robbins Company is a citizen of Ohio, and defendant Mid-Western, LLC ("Mid-Western") is a citizen of Missouri and Hong Kong, and the amount in controversy exceeds $75,000.

On May 23, 2018, Hilti filed a motion for leave to file an amended notice of removal to acknowledge that the Missouri citizenship of Mid-Western would normally destroy diversity under the forum defendant rule and divest this Court of subject matter jurisdiction, and assert that Mid-Western's citizenship should be disregarded due to fraudulent joinder. On the same date, the Binkleys filed a motion to remand on the basis that this Court does not have subject matter jurisdiction over this mater because there is not complete diversity as defendant Mid-Western is a Missouri citizen and is not fraudulently joined.

## II. Discussion

### A. Motion for Leave to File Amended Notice of Removal

The Binkleys argue that Hilti's motion for leave to file its amended notice of removal should be denied because it is untimely and improperly asserts fraudulent joinder as a "new basis" for removal. The Court disagrees for the following reasons.

28 U.S.C. § 1441 and § 1446 govern removal of a state court action to federal court. Pursuant to § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" A

2

notice of removal may be freely amended during the thirty-day period in which the removal may be filed. See 28 U.S.C. § 1653; 14B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3733 (4th ed. 2013). However, after the thirty-day period for removal has expired, the notice can only be amended to add specific facts supporting the originally stated grounds for removal or to clarify the grounds for removal as stated in the original notice and cannot add new grounds for removal. See Lindsey v. Dillard's, Inc., 306 F.3d 596, 600 (8th Cir. 2002); Whitehead v. The Nautilus Group, Inc., 428 F.Supp.2d 923, 928–29 (W.D. Ark. 2006).

The Binkleys filed their initial pleading in the Circuit Court of St. Charles County on April 20, 2018. Hilti was served with the petition and summons on April 27, 2018. Defendant Hilti filed its notice of removal on May 18, 2018, twenty-one days after service, and its motion for leave to file an amended notice of removal on May 23, 2018, twenty-six days after service. Defendant Hilti's amended notice of removal is timely as it was filed within the thirty-day period for removal under 28 U.S.C. § 1446(b), and thus may be freely amended.

Accordingly, this Court will grant Hilti's motion for leave to file its amended notice of removal. The Court will treat the amended notice of removal, which is attached to Hilti's motion for leave, as filed for the purpose of expeditiously addressing the pending motion to remand.

### *B. Motion to Remand*

Hilti presents two arguments for why Mid-Western's citizenship should be disregarded and the motion to remand denied: (1) Hilti was not aware that Mid-Western had been served with the original petition and summons; and (2) Mid-Western was fraudulently joined because the Binkleys failed to state a colorable claim against Mid-Western in the petition. The Court disagrees with both of Hilti's arguments for the following reasons.

The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987). "Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). 28 U.S.C. § 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy . . . is between citizens of different states." "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007).

However, a "civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) . . . may *not* be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). The party invoking federal jurisdiction bears the burden of showing that all prerequisites to jurisdiction are satisfied. Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). "[A]ll doubts about federal jurisdiction [are resolved] in favor of remand." Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997).

There is no dispute that Mid-Western is a citizen of Missouri as the majority of its members are Missouri citizens. See E3 Biofuels, LLC v. Biothane, LLC, 781 F.3d 972, 975 (8th Cir. 2015) ("An LLC's citizenship, for the purposes of diversity jurisdiction, is the citizenship of each of its members.") (quoted case omitted). Thus, if Mid-Western is a properly joined defendant, removal would not be allowed under § 1441(b) because it is a citizen of Missouri, the forum state. See Horton v. Conklin, 431 F.3d 602, 605 (8th Cir. 2005); 28 U.S.C. § 1441(b) ("a defendant may not remove to federal court on the basis of diversity if any of the defendants is a citizen of the state where the action was filed.").

4

Hilti's first argument that Mid-Western's citizenship should be disregarded because Hilti was not aware that Mid-Western had been served has no basis in law. 28 U.S.C. § 1441(b)(2) provides that a "civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest *properly joined and served as defendants* is a citizen of the State in which action is brought." (Emphasis added.) To be properly joined and served does not require that each defendant be notified of a co-defendant's service. Mid-Western was properly served on May 17, 2018, which is reflected in the record via a notarized Affidavit of Service signed by the process server. (Doc. 23-1.)

Hilti's second argument is that the Binkleys fraudulently joined Mid-Western because the company was not in existence during the time frame plaintiff Timothy Binkley alleges his injuries accrued and, thus, there is no cause of action to pursue against Mid-Western. The Court disagrees for the following reasons.

Fraudulent joinder is an exception to the rule that complete diversity of citizenship must exist both when the state petition is filed and when the notice for removal is filed. Knudson v. Systems Painters, Inc., 634 F.3d 968, 975 (8th Cir. 2011). A defendant seeking removal on the basis of fraudulent joinder bears the burden of proving "that the plaintiff's claim against the diversity-destroying defendant has 'no reasonable basis in fact and law.'" Id. at 980 (quoting Filla v. Norfolk S. Railway Co., 336 F.3d 806, 810 (8th Cir. 2003)). Under this standard, "if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." Filla, 336 F.3d at 810 (emphasis added). Joinder of the diversity-destroying defendant is not fraudulent where "there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." Id. at 811. The Eighth Circuit has further instructed that in ruling

5

on the issue of fraudulent joinder, a district court does not have the power to decide the merits of a case. Id. "[T]he Court resolves all facts and ambiguities in the controlling substantive law in the plaintiffs' favor and has no responsibility to definitively settle the ambiguous question of state law." Orrick v. SmithKline Beecham Corp., 2014 WL 3956547, at *3 (E.D. Mo. Aug. 13, 2014) (citing Filla, 336 F.3d at 811).

Here, the Petition alleges that plaintiff Thomas Binkley developed silicosis from being exposed to and inhaling dangerous products during the years 1993 to 2006, and that the products were manufactured, sold, and distributed by the four named defendants. Hilti argues there is no cause of action against Mid-Western because the company was not established until July 28, 2010, four years after Timothy Binkley's injuries accrued. The Binkleys respond that it has not been proved when Mid-Western was incorporated and, even if the company was not in existence until 2010, Missouri's successor liability law could hold Mid-Western liable for the actions of its predecessor. The Binkleys refer to an Asset Purchase Agreement, which allegedly evidences that Mid-Western is the successor to a company that was in existence at the time of Thomas Binkley's exposure and manufactured the defective products that are the subject of the plaintiffs' Petition.

The Court finds that Hilti has not established it is *clear* under governing state law that the Petition does not state a cause of action against Mid-Western, and that there is no reasonable basis in fact and law for any of the claims. Although successor liability against Mid-Western is open to question, the Court will be guided by the Eighth Circuit's counsel that "the better practice is for the federal court not to decide the doubtful question . . . but simply to remand the case and leave the question for the state courts to decide." Filla, 336 F.3d at 811 (quoted case omitted); see also Gorsuch v. Formtek Metal Forming, Inc., 803 F.Supp.2d 1016, 1021-24 (E.D. Mo. 2011) (engaging in fact-intensive and potentially complex analysis on whether successor liability should apply to

successor corporation under Missouri law); Chemical Design, Inc. v. American Std., Inc., 847 S.W.2d 488, 491-93 (Mo. Ct. App. 1993) (same). Accordingly, this action is not removable on its face because it presents no federal question, and defendant Mid-Western, LLC is a Missouri citizen.

## *V. Conclusion*

For the foregoing reasons, defendant Hilti's motion for leave to file an amended notice of removal will be granted, and plaintiffs' motion to remand will be granted. Defendant Hilti's motion to dismiss defendant Mid-Western for fraudulent joinder will be denied as moot. Defendant The Robbins Company's motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2), Federal Rules of Civil Procedure, will be denied as moot, without prejudice to filing an appropriate motion in state court following remand.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Hilti, Inc.'s motion for leave to file an amended notice of removal is **GRANTED**. [Doc. 10]

**IT IS FURTHER ORDERED** that the Clerk of the Court shall docket the amended notice of removal, which was submitted as an attachment to the motion for leave.

**IT IS FURTHER ORDERED** that plaintiffs Timothy Binkley and Brandi Binkley's motion to remand is **GRANTED**. [Doc. 13]

**IT IS FURTHER ORDERED** that defendant Hilti's motion to dismiss defendant Mid-Western, LLC for fraudulent joinder is **DENIED as moot**. [Doc. 11]

**IT IS FURTHER ORDERED** that defendant The Robbins Company's motion to dismiss for lack of personal jurisdiction is **DENIED as moot**, without prejudice. [Doc. 33]

An Order of Remand will accompany this Memorandum and Order.

                                                                        **CHARLES A. SHAW**
                                                                         **UNITED STATES DISTRICT JUDGE**

Dated this  2nd  day of July, 2018.